UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IMMIGRANT INVESTORS ASSOCIATION, INC., d/b/a INVEST IN THE USA ("IIUSA")<br>　　1440 G. St. NW,<br>　　Washington, D.C. 20005<br><br>　　　　　　Plaintiff,<br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"),<br>　　5900 Capital Gateway Drive,<br>　　Camp Springs, MD 20746,<br><br>　　　　　　Defendant. | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT<br><br>Case No.: 24-cv-1379 |

**INTRODUCTION**

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, to compel United States Citizenship and Immigration Services ("USCIS") to comply with two FOIA requests filed by Plaintiff Immigrant Investors Association, Inc., d/b/a Invest in the USA ("IIUSA").

2. IIUSA is a national membership-based not-for-profit 501(c)(6) trade association whose members include regional centers designated by USCIS to participate in the EB-5 Immigrant Investor Program. Among other things, IIUSA monitors changes in USCIS policy on its implementation of the EB-5 Program and educates its members on industry best practices.

3. In furtherance of those objectives, IIUSA filed a FOIA request with USCIS on March 27, 2024, seeking records relating to USCIS's development of a "working group" on "Source of Funds from Unlawful Entities," including policies and/or guidance developed by this working group. *See* **Exhibit A**.

1

4. USCIS acknowledged receipt of the FOIA request on March 27, 2024, and assigned the request **control number EB52024000038**. *See* **Exhibit B**. To date, USCIS has not produced any records in response to the FOIA request.

5. In addition, on March 27, 2024, IIUSA filed a separate FOIA request seeking records relating to USCIS's Consolidated Handbook of Adjudication Procedures ("CHAP") as it relates to EB-5 Program guidance. *See* **Exhibit C**.

6. USCIS acknowledged receipt of the FOIA request on March 27, 2024, and assigned the request **control number EB52024000039**. *See* **Exhibit D**. To date, USCIS has not produced any records in response to the FOIA request.

7. Through this lawsuit, IIUSA seeks to compel USCIS's response to its March 27, 2024 FOIA requests.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction under 28 U.S.C. § 1331.

9. The Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

10. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

11. Plaintiff IIUSA is a national membership-based 501(c)(6) not-for-profit trade association. IIUSA is primarily engaged in disseminating information to its members and has a compelling need for, and a vital interest in, the information sought in the FOIA request.

12. Defendant USCIS is a component of the Department of Homeland Security. It is also an "agency" within the meaning of 5 U.S.C. § 522(f)(1). USCIS has possession, custody, and control over records response to IIUSA's FOIA requests.

## STATEMENT OF FACTS

### A. Statutory Framework

13. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 522(a)(3)(A).

14. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

15. An agency must comply with a FOIA request by issuing a determination within 20 business days of receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

16. The determination "must at least inform the request of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 771 F.3d 180, 186 (D.C. Cir. 2013).

17. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

18. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

19. An agency's failure to comply with any timing requirement is deemed a constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

20. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

### B. Factual Background

21. Under the EB-5 Program, 8 U.S.C. § 1153(b)(5), foreign investors can obtain lawful permanent residency in the United States if they invest substantial capital in a job-creating business.

22. Obtaining full permanent residency in the United States through the EB-5 Program involves several steps. First, the investor must file Form I-526 with USCIS's Immigrant Investor Program Office ("IPO"). *See* 8 C.F.R. § 204.6(a). If the I-526 petition is approved, the investor must then apply for adjustment of status with USCIS, or seek an immigrant visa from the State Department abroad. Upon a grant of adjustment of status or entry to the United States on an EB-5 visa, the investor and his or her dependents obtain lawful permanent residence on a conditional basis. Finally, within the 90-day period preceding the investor's two-year anniversary of obtaining conditional residency, the investor must file Form I-829 with the IPO to remove the conditions on the investor's permanent residency. *See generally* 8 C.F.R. § 216.6.

23. Under regulations governing I-526 petitions, any assets "acquired, directly or indirectly, by unlawful means (such as criminal activities) shall not be considered capital" for purposes of Section 203(b)(5) of the INA. 8 C.F.R. § 204.6(e) (definition of "capital"). Moreover, at the I-526 petition stage, an investor must submit certain evidence defined by USCIS regulation

"[t]o show that the petitioner has invested, or is actively in the process of investing, capital obtained through lawful means." *Id.* § 204.6(j)(3).

### Unlawful Entities Working Group FOIA Request

24. In a FOIA request dated March 27, 2024, IIUSA sought records relating to policies and practices developed by a "Source of Funds from Unlawful Entities Working Group." *See* **Exhibit A**.

25. The existence of this "working group" was revealed through an earlier FOIA request submitted by IIUSA. An IPO email dated August 19, 2022, for example, references "policy" issued by this working group, and provides the following "summary":

> The Source of Funds from Unlawful Entities Working Group has drafted policy regarding the handling of cases with sources of funds from unlawful companies, and more specifically, technology companies on our radar. However, this is to provide a base framework to address those and other bad actors involved in varying types of unlawful activity to include those entities highlighted in IPO and FDNS'[s] trainings, Round Table discussions and National Security Trainings.

*See* Exhibit A to Exhibit A.

26. In addition, other records obtained by IIUSA through prior FOIA requests reveal that the IPO is targeting income sources from Chinese technology companies, including Huawei Technologies Co., Ltd.—the world's largest telecommunications manufacturer—for special scrutiny when such capital is used as the source of EB-5 investment funds. *See* Exhibit B to Exhibit A.

27. Obtaining these records is critical to IIUSA's mission.

28. In recent years, IIUSA members have reported that the IPO has been denying EB-5 cases where the source of investment funds is ordinary employment income from multinational Chinese technology companies that engage in billions of dollars of commerce with the United States.

5

29. IIUSA has a strong interest in determining what new agency policies are responsible for this shift in adjudicatory practice.

30. USCIS has not responded to the FOIA request to date.

### CHAP FOIA Request

31. In a FOIA request dated March 27, 2024, IIUSA sought records relating to EB-5 guidance contained in USCIS's Consolidated Handbook of Adjudication ("CHAP"). *See* **Exhibit C**.

32. The CHAP is a USCIS guidance document that supplements the public-facing USCIS Policy Manual, and provides additional guidance to agency adjudication regarding the policies and practices the agency follows in its adjudication of immigration benefits, including those in the EB-5 Program.

33. One of IIUSA's most important goals is educating its members on USCIS policies and practices in its adjudication of EB-5 visa petitions.

34. Obtaining the requested records from the CHAP will enhance IIUSA's ability to properly educate its members on current USCIS policies and practices.

35. USCIS has not responded to the FOIA request to date.

### CAUSES OF ACTION

### Count I:
### Failure to Respond to Request Within Statutory Timeframe

36. Plaintiff incorporates paragraphs 1 through 35, as if fully stated in this Count.

37. USCIS has failed to respond to Plaintiff's March 27, 2024 FOIA requests within the statutorily mandated timeframe, in violation of FOIA, 5 U.S.C. §§ 522(a)(6).

## Count II:
## Failure to Produce Responsive Records

38. Plaintiff incorporates paragraphs 1 through 35, as if fully stated in this Count.

39. USCIS has failed to make reasonable efforts to search for records responsive to Plaintiff's March 27, 2024 FOIA requests in violation of FOIA, 5 U.S.C. § 552(a)(3).

40. USCIS failed to disclose and produce any records responsive to Plaintiff's March 27, 2024 FOIA requests in violation of 5 U.S.C. § 552(a)(3)(A).

## ATTORNEYS' FEES

41. Plaintiff incorporates paragraphs 1 through 40 herein, as if fully stated in this Count.

42. Plaintiff is entitled to recover its reasonable attorneys' fees and litigation costs in connection with this lawsuit. 5 U.S.C. § 552(a)(4)(E)(i).

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment on its behalf and:

    a. Declare USCIS's refusal to disclose the records request by Plaintiff to be unlawful and in violation of FOIA;

    b. Order USCIS to immediately release and deliver to Plaintiff all records responsive to Plaintiff's requests;

    c. Enjoin USCIS from withholding records responsive to Plaintiff's requests;

    d. Award Plaintiff costs and reasonable attorneys' fees incurring in bringing this action;

    e. Grant such other relief as the Court may deem just and proper.

Dated: May 13, 2024                                             Respectfully submitted,

/s/ John P. Pratt
JOHN P. PRATT
jpratt@kktplaw.com
(D.C. Bar No: 793998)

EDWARD F. RAMOS
eramos@kktplaw.com
(Bar ID: FL0081)

KURZBAN KURZBAN
TETZELI & PRATT, P.A.
131 Madeira Avenue
Coral Gables, Florida 33134
Tel:    (305) 444-0060
Fax:   (305) 444-3503